ANNETTE BURKE, Respondent-Appellant, v. MARY SPEZIALE and JOHN A. SHIRGHIO, Appellants, and RICHARD G. WALKER, Respondent.— In an action brought by the plaintiff to recover damages for personal injuries sustained when a private car owned by defendant-respondent Walker, in which plaintiff was a passenger, collided with a taxicab owned by defendant-appellant Speziale and operated by defendant-appellant Shirghio, the jury returned a verdict against the defendants-appellants, and in favor of the defendant-respondent for no cause of action. Defendants-appellants appealed from the judgment against them, and plaintiff appealed from that part of the judgment which dismissed the complaint against the defendant-respondent. Judgment, in so far as appealed from, unanimously affirmed, with costs in favor of the plaintiff against the defendants-appellants, and in favor of the defendant-respondent against the plaintiff. The verdict was not against the weight of the evidence. We do not overlook or condone the impropriety of some of the questions asked by counsel for the defendant-respondent, but we hold that these were adequately dealt with by the trial court and that under all the circumstances of the case the defendants-appellants were not deprived of a fair trial. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.

COLUMBIA MACHINE WORKS, INC., Appellant, Respondent, v. THE BLACK-BURN-SMITH MFG. Co., INC., a New Jersey Corporation, Respondent, Appellant.— Action for goods sold and delivered to defendant, allegedly a foreign corporation organized and existing under the laws of the State of New Jersey. Upon defendant's motion, made on affidavits and the original papers on attachment, an order was made vacating the attac ment and service of summons and complaint upon the defendant without the State of New York. Separate orders were also made which respectively denied (1) defendant's motion for increased security on attachment, and (2) denied its motion for a third extension of time to appear generally, answer, plead or otherwise move with respect to the complaint. From the order first mentioned plaintiff appeals (appeal A); from the orders subsequently mentioned defendant appeals (appeals B and C). Order granting motion to vacate warrant of attachment and service of summons and complaint upon the defendant (appeal A) affirmed, without costs. Appeals from orders denying defendant's motion for increased security on attachment and for a third extension of time to appear, etc. (appeals B and C), dismissed, without costs. As to appeal A, upon this record, it appears undisputedly and as matter of law (1) that the defendant is not a foreign corporation, as alleged by the plairtiff; and, likewise, (2) that the defendant is not estopped from asserting that it is not a foreign corporation, as alleged by plaintiff. Appeals B and C, therefore, have become academic. Lazansky, P. J., Hagarty, Adel, Taylor and Close, JJ., concur.

COMMISSIONER OF PUBLIC WELFARE OF THE CITY OF NEW YORK, on Complaint of RUTH REID, Respondent, v. LEON SHARPE, Appellant.— Order of filiation of the Court of Special Sessions of the City of New York, Borough of Brooklyn [County of Kings], adjudging the defendant to be the father of a child likely to be born out of wedlock, and directing him to pay the necessary expenses of confinement and contribute to its support, unanimously affirmed. No opinion. Appeal from judgment dismissed. There is no judgment. Present — Lazansky, P. J., Carswell, Johnston, Adel and Close, JJ.